UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA L. WRIGHT,

    Plaintiff,

v.

                  CASE No. 1:24-cv-226

                  HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation in this matter (ECF No. 16) and Plaintiff's Objections to it (ECF No. 17). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the Commissioner's decision because the ALJ's conclusions are supported by substantial evidence. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself;

and Plaintiff's Objections to it.    After its review, the Court finds the Magistrate Judge's Report and Recommendation to be factually sound and legally supported.

Plaintiff asserts three objections to the Magistrate Judge's Report and Recommendation. She first claims that the ALJ erred in denying Plaintiff benefits "at least in part because she had received Unemployment Benefits."    (ECF No. 17, PageID.1774).    But giving partial consideration to an applicant's receipt of unemployment benefits is precisely what both of Plaintiff's cited authorities—neither of which bind this Court—endorse.    The administrative memorandum, for example, states that "application for unemployment benefits is evidence that the ALJ must consider together with all of the medical and other evidence."    (ECF No. 13-1).    And the out-of-circuit case expressly distinguished that plaintiff from someone in this plaintiff's exact position: "unemployment benefits may be relevant if a claimant has represented to the State that he is able to work *during* the period for which he has applied for federal disability benefits." *Lambert v. Berryhill*, 896 F.3d 768, 778 (7th Cir. 2018) (emphasis in original).    Here, Plaintiff acknowledged that she was able to work at the time she filed for unemployment benefits, which was within days of her alleged onset date.    She did indicate that her condition had worsened by the time she applied for disability benefits, but she nevertheless continued to receive unemployment benefits during this time and continuing through the third quarter of 2021.    (ECF No. 6-6, PageID.271).    The ALJ was therefore permitted to consider Plaintiff's receipt of unemployment benefits as just one of several factors to weigh the credibility of Plaintiff's allegations.    The Magistrate Judge was right to deny this claim of error.

Plaintiff makes the same argument as to the ALJ's consideration of Plaintiff's daily activities. (ECF No. 17, PageID.1778). She cites a string of authority for the proposition that the ability to perform a limited range of momentary activity is not inconsistent with a claim of disability. (*Id.*). True as this is, it does not undermine the ALJ's rationale, which was again based only in part on Plaintiff's reports of her daily activities, including her rheumatologist questionnaires. (*See* ECF No. 6-2, PageID.45). The Court agrees with the Magistrate Judge's conclusions here.

Plaintiff also objects that the ALJ erred in finding that her residual functional capacity ("RFC") was for work at the light exertional level. (ECF No. 17, PageID.1776–77). In making this determination, the ALJ reviewed Plaintiff's subjective symptoms, the records of her treating physicians, diagnostic and mobility tests, and assessments of state agency medical consultants. (ECF No. 6-2, PageID.41–46). The totality of this evidence led the ALJ to discredit the severity of Plaintiff's limitations in reaching his RFC finding. (*Id.* at PageID.46). Plaintiff may disagree with this conclusion, but she fails to demonstrate error warranting remand.[1]

---

[1] As part of this argument, Plaintiff's counsel "puzzl[es]" about the impact the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), has upon the standard of review in Social Security appeals. (ECF No. 17 at PageID.1777). Plaintiff has waived this issue both by failing to raise it in her statement of errors, *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010) (issues not included in plaintiff's statement of errors are waived); *Allen v. Comm'r of Soc. Sec.*, No. 1:16-cv-170, 2016 WL 6471092, at *6 n.4 (W.D. Mich. Nov. 2, 2016) (same); *Oudsema v Comm'r of Soc. Sec.*, No. 1:11-cv-1264, 2013 WL 588925, at *5 (W.D. Mich. Feb. 13, 2013) (same), and by failing to develop it, *see Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (concluding that the plaintiff's "observations, ... without elaboration or legal argument," amounted to waiver of the issues). Regardless, courts that have considered *Loper Bright* in the social security context have concluded that it does not change the landscape in these cases. *See Williams v. O'Malley*, No. 23-35358, 2024 WL 3519774, at *1 n.1 (9th Cir. July 24, 2024) (finding that *Loper Bright* does not undercut the Ninth Circuit's holding

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 16), is **APPROVED** and **ADOPTED** as the opinion of this Court.

2. Defendant Commissioner of Social Security's decision, (ECF No. 6-2), is **AFFIRMED**.

3. The matter is **DISMISSED**.

**IT IS SO ORDERED**.


Dated:      March 3, 2025                    /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE

---

in *Cross v. O'Malley*, 89 F.4th 1211 (9th Cir. 2024), that the Social Security Administration's 2017 medical-evidence regulations fall within the broad scope of the Commissioner's authority under the Social Security Act); *Thomas v. Comm'r of Soc. Sec.*, No. 3:23-cv-1243, 2024 WL 4764465, at *3 n.9 (M.D. Fla. Nov. 13, 2024) (concluding that the 2017 regulations "remain good law even with *Chevron* overruled" because "nothing in the Act specifies how treating-physician evidence is to be weighed or requires the treating-physician rule"); *Hicks v. Comm'r of Soc. Sec. Admin.*, No. 7:23-CV-70, 2024 WL 3901190, at *2 n.3 (E.D. Ky. Aug. 19, 2024) (noting that "social security cases post-dating *Loper* have afforded the same level of deference to the Agency").